and the parties' dispute must be submitted for resolution by arbitration.

### B.

█ The question here reduces itself then, to whether CBS' fraud claim involves the making of the arbitration clause.

CBS claims the margin agreement and the arbitration clause were secured by fraud in order to cover up the unauthorized trading occurring in the accounts CBS had with Southern.[2] Where, as here, the plaintiff affirmatively pleads that the contract and the arbitration agreement included therein were procured through fraud, the court should determine whether the arbitration clause was used to further the fraudulent scheme.

As the court in *Prima Paint* held: "If the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making of the agreement to arbitrate'—the federal court may proceed to adjudicate it." 388 U.S. at 403–04, 87 S.Ct. at 1806. The Court in *Prima Paint* found its holding consistent with the decision in *Moseley v. Electronic Facilities*, 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963), and with the statutory purpose of the Arbitration Act—to make arbitration agreements as enforceable as other contracts. 388 U.S. at 404 n. 12, 87 S.Ct. at 1806 n. 12. In *Moseley*, the Court held that where a plaintiff's pleading attacks the contract in general, as well as the arbitration clause contained therein, the allegation of fraud as to the arbitration clause should be decided by the district court. 374 U.S. at 171, 83 S.Ct. at 1817–18.

In this case, plaintiff's complaint alleges defendants fraudulently procured their assent to the margin agreement *and* the arbitration clause contained therein to coerce plaintiff into ratifying the unauthorized trading occurring in its accounts. Thus, the holding of *Moseley* and *Prima Paint* requires that the district court adjudicate the validity of the arbitration clause and, in turn, the court's decision will determine who, the court or an arbitrator, decides the attack on the margin agreement. *See also Rush v. Oppenheimer & Co.*, 681 F.Supp. 1045, 1048–53 (S.D.N.Y.1988).

### III.

The judgment of the district court denying CBS' motion for a stay of proceedings is AFFIRMED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dario RESTREPO, Defendant–Appellant.**

No. 88–3207.

United States Court of Appeals, Ninth Circuit.

Sept. 6, 1990.

---

**2.** Plaintiff's complaint alleges:

*Fraudulent Procurement:*

104. As discussed in the preceding paragraphs, the Defendants in this instance had already engaged in unauthorized and wrongful trades in Plaintiff's account when the agreement was signed. The purpose of these trades, at least in part, was undoubtedly for the procurement of commissions. When some of the unauthorized unpaid-for trades could not be paired off, however, the Defendants were forced to deliver unauthorized securities to the Plaintiff's account. The Defendants thereafter conspired to fraudulently procure from the Plaintiff a signed Arbitration Agreement and Margin Agreement so as to coerce Plaintiff into ratifying these trades by deprivation of a judicial forum for resolution of the dispute, by threatening to liquidate the safekeeping securities, and by inclusion of exculpatory language as to Pershing.

105. Because the Arbitration Agreement and Margin Agreement are each part and parcel of Defendants' overall scheme to pass losing transactions off on CBS FCU, and to obtain substantial, hidden and unjustified commissions, the deceit, fraud and trickery by the Defendants in procuring the Arbitration Agreement and Margin Agreement so permeates these agreements that the issue of the enforceability of either agreement must be adjudicated by this Court. To compel arbitration on this issue would be to grant the Defendants fulfillment of their fraud.

Before GOODWIN, Chief Judge, BROWNING, WALLACE, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ, and RYMER, Circuit Judges.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

**CHARTER FEDERAL SAVINGS AND LOAN ASSOCIATION, WEST POINT, GEORGIA, Petitioner,**

v.

**OFFICE OF THRIFT SUPERVISION,\* Director John W. Johnson, Jr., John W. Johnson, III, Martha B. Jones, Joe H. Wooley, Bobby L. Williams, William C. Gladden, William B. Hudson, Terrell E. Bishop, Floyd H. Mann, Jane W. Darden, Richard T. Taunton, Curti M. Johnson and Robert Lee Johnson, Respondents.**

No. 89–8725.

United States Court of Appeals, Eleventh Circuit.

Oct. 2, 1990.

\* Formerly known as FHLBB.