UNITED STATES of America, Plaintiff–Appellee,

v.

Cerbando GONZALES, Defendant–Appellant.

No. 89–2295.

United States Court of Appeals, Tenth Circuit.

April 11, 1991.

Submitted on the briefs: *

William L. Lutz, U.S. Atty., and Stephen R. Kotz, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

William D. Fry, Asst. Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

Before BRORBY and McWILLIAMS, Circuit Judges, and SPARR **, District Judge.

McWILLIAMS, Circuit Judge.

Cerbando Gonzales and four others were charged in a three-count indictment filed on June 16, 1989, as follows: In Count I all five defendants were charged with conspiring from December 17, 1988, to May 12, 1989, to possess with an intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; in Count II Gonzales and two other defendants were charged with possessing with an intent to distribute less than 50 kilograms of marijuana on March 30, 1989, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(D) and 18 U.S.C. § 2; and in Count III Gonzales and the other four defendants were charged with possessing with an intent to distribute more than 100 kilograms of marijuana on May 12, 1989, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

On August 14, 1989, Gonzales, pursuant to a written plea agreement with the government, entered a plea of guilty to Count II of the indictment. The government, in turn, dismissed Counts I and III in the indictment as related to Gonzales. A pre-sentence report was filed in due time to which Gonzales made certain objections.[1] An evidentiary hearing was then held on November 22, 1989, at which time testimony was given by proffer of evidence in lieu of live testimony, pursuant to agreement between counsel. The district court then held that the appropriate guideline imprisonment range for Gonzales was 63 to 78 months. The district judge noted that under the provisions of 21 U.S.C. § 841(b)(1)(D) the maximum term of imprisonment for the crime charged in Count II was five years (60 months). United States Sentencing Commission, *Guidelines Manual*, § 5G1.1(a) (Nov.1990) concerning sentencing on a single count conviction provides that where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence. Accordingly, the district judge then sentenced Gonzales to imprisonment for 60 months, the statutorily authorized maximum.

Gonzales appeals the 60–month sentence imposed by the district court and in so doing raises two issues: (1) whether the district court erred in factoring into the base offense level the amount of marijuana involved in Counts I and III; and (2) whether the district court erred in holding that

---

* In their respective briefs, counsel indicated that they did not desire oral argument. We agree that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

** Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation.

1. The Pre-sentence Report prepared by the U.S. Probation office proposed a guideline imprisonment range of 78 to 97 months.

Gonzales' role in the overall drug transaction was that of a manager or leader and on that basis increasing the base offense level by two levels pursuant to U.S.S.G. § 3 B1.1(c). We hold that the district court did not err and therefore affirm.

■ In connection with his first argument, Gonzales asserts that in determining his base offense level it was error to include the amount of marijuana involved in Counts I and III and that the district court should only have considered the marijuana involved in Count II (i.e., less than 50 kilograms of marijuana). Counsel points out that Gonzales did not plead guilty to Counts I or III and that those counts were dismissed by the government pursuant to the plea bargain. In support thereof, counsel, as instructed by Gonzales, relies on the rationale of *United States v. Restrepo*, 883 F.2d 781 (9th Cir.1989). (*Restrepo I*) In that case a panel of the Ninth Circuit Court of Appeals, with Judge Boochever dissenting, held that in determining a defendant's base offense level, the quantities of cocaine involved in counts of which the defendant was not convicted should not be aggregated with the quantity of cocaine involved in the count to which he was convicted. However, counsel also advises us that the panel's opinion in *Restrepo I* was later withdrawn. *See United States v. Restrepo*, 896 F.2d 1228 (9th Cir.1990). We note that, on rehearing, the panel held that under the Sentencing Guidelines, conduct for which a defendant was not convicted but was nonetheless part of the same course of conduct or common scheme for which the defendant was convicted could be considered in determining the defendant's base level offense. *United States v. Restrepo*, 903 F.2d 648 (9th Cir.1990), (*Restrepo II*). Judge Boochever authored the *Restrepo II* opinion, with Judge Noonan concurring and Judge Pregerson dissenting. Thereafter, on September 6, 1990, a majority of the non-recused active judges of the Ninth Circuit ordered that the case be reheard en banc. *United States v. Restrepo*, 912 F.2d 1568

(9th Cir.1990). It would appear that the case has not yet been reheard en banc.

Be that as it may, in *United States v. Rutter*, 897 F.2d 1558, 1561–62 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990), the Tenth Circuit rejected the result reached in *Restrepo I*, and we held that in determining the defendant's base offense level the Guidelines require aggregation of quantities of drugs *not* specified in the count to which the defendant had pleaded guilty if such quantities were a part of the "same course of conduct or common scheme or plan as the offense of conviction" regardless of whether the defendant was convicted of the underlying offenses pertaining to the additional amounts. *Rutter*, 897 F.2d at 1562 (listing cases). Accordingly, in determining Gonzales' base offense level, the district court in the instant case did not err in aggregating the amount of marijuana involved in Counts I and III with the quantity involved in Count II.

■ As indicated, pursuant to U.S.S.G. § 3B1.1(c), the district court increased Gonzales' base offense level by two levels because Gonzales was a manager or leader in the drug offenses. Gonzales argues that the district court's finding that Gonzales had a managerial or leadership role in the drug operation is not supported by the record and is otherwise clearly erroneous. Without going into great detail, we do not agree with this argument and conclude that the record, including the pre-sentence report and the evidentiary hearing held in connection with Gonzales' objections to the pre-sentence report, supports the district court's determination that Gonzales was a leader or manager. Certainly he was no minor participant.[2] In this regard, *see e.g., Rutter*, 897 F.2d at 1563; *United States v. Alvarado*, 909 F.2d 1443, 1447 (10th Cir. 1990); *United States v. Mays*, 902 F.2d 1501, 1502–03 (10th Cir.1990); *United States v. Beaulieu*, 893 F.2d 1177, 1182

---

**2.** The record indicates that Gonzales was involved in extensive negotiations with undercover agents and controlled the place and timing of drug transactions. He also asked the undercover agents, posing as buyers, to go directly through him to make their purchases.

(10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).

Judgment affirmed.