# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### No. 91-8338

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**ERNEST SCHMELTZER,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Western District of Texas

April 23, 1992

Before WISDOM, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Ernest Schmeltzer appeals from his sentence following a plea of guilty on his second offense of knowingly possessing a magazine depicting a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Schmeltzer raises several claims of error in the court's application of Sentencing Guidelines and seeking return of certain seized goods, invokes the court's mandamus power. The sentencing issues are, however, overridden by the fact that Schmeltzer and the government could not enter into, and the court should not have approved, a plea bargain that ignored the mandatory minimum sentence applicable to the offense of conviction. Accordingly, we vacate the sentence, after making a minor modification on the

nature of the plea, as agreed by the parties, and remand for further proceedings.

## BACKGROUND

In December of 1990, the Federal Bureau of Investigation became aware of Schmeltzer's considerable involvement with child pornography. A confidential witness, assisting with the FBI's investigation, met with Schmeltzer at his home where Schmeltzer showed the confidential witness a video tape depicting sexual abuse and torture of young girls. Schmeltzer told the witness that the girls were approximately thirteen years old and had been kidnapped or tricked into appearing in the tape. Schmeltzer told the witness that he had many other video tapes of this nature. Schmeltzer also related his recent trip to the Republic of China, and told the witness that he had engaged in sexual activities with a young girl there whom he estimated to be no older than thirteen years of age. On a subsequent visit Schmeltzer showed the confidential witness a video tape which he described as a "snuff film." This film depicted the kidnapping, mutilation, and murder of an oriental female. Schmeltzer told the witness that many snuff films could be obtained in Mexico, and that girls were available in Mexico for the production of such films. Schmeltzer asked the witness to contact friends in Mexico to assist him in the search for pre-pubescent girls. Schmeltzer told the witness that he wished to use girls in a film in which they would engage in sexual conduct with adult males, and that he would be able to sell these films for as much as $5,000 each.

2

Based on information supplied by the confidential witness the FBI was able to obtain a search warrant for Schmeltzer's home. That warrant was executed on January 8, 1991. The search yielded numerous items, including video equipment, sexual devices or paraphernalia, several hundred magazines and video tapes, correspondence concerning the "home-made production of video tapes involving children engaged in sexual activities," and numerous photographs of pre-pubescent children engaging in sexually explicit acts. The pornographic items graphically depicted perverse acts. The material portrayed both pre-pubescent and pubescent minors engaging in sexual intercourse and deviant sexual behavior, as well as pre-pubescent and pubescent minors engaging in various forms of sexual contact with adults. One of the seized pictures contained a note, handwritten by the defendant, that described various sado-masochistic and heinous sexual acts he wished performed upon children.

FBI agents also found sexual material identical to that seized from the defendant in 1987, and leading to his prior conviction for possession of child pornography, under the same statute as charged in the instant offense. At the time of the 1991 search of Schmeltzer's home, he was still on federal probation from his earlier child pornography conviction.

Subsequent to the search and seizure of these materials, FBI agents contacted other witnesses who confirmed Schmeltzer's substantial involvement with child pornography. Following his arrest, Schmeltzer admitted that he was a collector of child

3

pornography materials and had been for approximately twenty years. Schmeltzer was laconic when confronted with the contents of the various materials seized from his home; he denied ever viewing the video tapes that he showed to the confidential witness during the witnesses visits to Schmeltzer's home.

A federal grand jury indicted Schmeltzer for six counts of various child pornography offenses. After plea negotiations with the United States attorney, Schmeltzer entered a guilty plea to the first count of the indictment: knowingly possessing a visual depiction that had been shipped or transported in interstate or foreign commerce and depicting a minor engaging in explicit sexual conduct. Schmeltzer also agreed not to contest revocation of probation in his prior child pornography conviction, and he agreed to forfeit all seized pornographic materials. In addition to dismissing the remaining counts of the indictment, the government agreed to recommend a two-point reduction in the offense level for acceptance of responsibility. The government also agreed not to seek the maximum statutory penalty of fifteen years, as provided by 18 U.S.C. § 2252(b)(1).

Schmeltzer's guilty plea to a violation of 18 U.S.C. § 2252(a)(2) qualified him for a base offense level of thirteen. The U.S. probation officer, in his pre-sentence report, recommended a two-level increase pursuant to United States Sentencing Commission Guidelines (U.S.S.G.) § 2G2.2(b)(1), as a specific offense characteristic, because the offense involved material depicting a pre-pubescent minor or a minor under the age of twelve years. The

4

court accepted the recommendation and added two levels for an offense level of fifteen. The pre-sentence report also recommended that Schmeltzer not receive a two-level decrease for acceptance of responsibility. U.S.S.G. § 3E1.1. The court found that Schmeltzer had not accepted responsibility and refused to grant the two-level reduction. The total offense level of fifteen, combined with Schmeltzer's criminal history category of two, resulted in the guideline range of a sentence of twenty-one to twenty-seven months.

The pre-sentence report also recommended a four-level upward adjustment under Application Note Four of U.S.S.G. § 2G2.2. That provision suggests "[i]f the defendant sexually abused a minor at any time, whether or not such sexual abuse occurred during the course of the offense, an upward departure is warranted." The court granted the recommended upward departure and sentenced Schmeltzer to thirty-nine months,[1] citing as his primary reason the fact that Schmeltzer had in his possession the same pornography depicting minors in sexual conduct for which he was convicted in 1987. The court also stated that he was departing from the guidelines because Schmeltzer had engaged in sexual abuse of a minor as contemplated in Application Note Four. Schmeltzer challenges these sentencing determinations.

After the initial appellate briefs were filed, we directed the parties to address the minimum sentence for a second conviction under 18 U.S.C. § 2252(a)(2). Title 18 U.S.C. §

---

[1] Schmeltzer was required to serve a consecutive twenty-one-month sentence for violation of probation.

5

2252(b)(2) establishes a maximum penalty of fifteen years, and mandates a minimum sentence of five years for a second conviction. Our resolution of this question obviates the need to consider the sentencing issues initially presented for review.

## MINIMUM MANDATORY PENALTY UNDER § 2252(b)(2)

Schmeltzer urges that the U.S. Attorney's promise to not seek the sentencing enhancement provision of §2252(b)(2) obliged the trial court to refrain from imposing the minimum mandatory penalty of five years. In support, Schmeltzer cites several cases, including this court's decision in Petition of Geisser, 627 F.2d 745 (5th Cir. 1980), cert. denied, 450 U.S. 1031 (1981) and Geisser v. United States, 513 F.2d 862 (5th Cir. 1975).

In Geisser, the government became obliged to use its best efforts to refrain from deporting Geisser to Switzerland, a country where she was under a sentence of imprisonment for patricide. However, the government's assurance -- had it been literally realized -- would have abrogated an international treaty. This court initially required the government to exercise greater diligence in satisfying its bargain with Geisser. After much diplomatic wrangling and numerous court proceedings, the government claimed that it had expended its "best efforts," but was unable to persuade the Swiss government to relent in its pursuit of Geisser. This court agreed and Geisser was extradited to Switzerland. The Second Circuit relied on the first Geisser decision to free a defendant who had received a prosecutor's assurance of a limited sentence when the prosecutor was powerless to fulfill such promise,

6

beyond asserting influence on parole officials. <u>Palermo v. Warden</u>, 545 F.2d 286 (2d Cir. 1976), <u>cert. dism'd</u>, 431 U.S. 911 (1977).

Neither of these cases rises to Schmeltzer's aid. The government ultimately fulfilled its bargain with Geisser -- best efforts were extended. <u>Palermo</u> represents a more difficult case; Palermo received an "ultra vires" promise from the prosecutor, which the court ordered fulfilled. Similarly, the U.S. Attorney prosecuting Schmeltzer was wholly without authority to ignore the minimum mandatory sentence. While Schmeltzer's counsel was understandably anxious about the maximum penalty, the trial record suggests that both prosecution and defense counsel viewed the explicit minimum mandatory provision as being susceptible to negotiation. Notwithstanding, <u>Palermo</u> is factually distinguishable from the case at bar. The U.S. attorney fulfilled his promise to Schmeltzer:  the government did not <u>seek</u> the enhanced penalty.[2]

---

[2]    Schmeltzer ties this claim to an allegation that the prosecutor reneged on a promise to recommend a two-level decrease for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We examine such claims with particular scrutiny. The record shows that the prosecutor recommended, in the course of the sentencing hearing, that Schmeltzer be granted the two-level reduction. Notwithstanding the prosecutor's recommendation to the court, the pre-sentence report indicated that Schmeltzer was almost lackadaisical and demonstrated little, if any, contrition for his conduct. After the prosecutor recommended the two-level reduction, the sentencing hearing continued and Schmeltzer was given the opportunity to speak. At the close of Schmeltzer's remarks, the prosecutor responded, noting for the court that Schmeltzer's excuses and justifications hardly evidenced an acceptance of responsibility.

The prosecutor was merely rejoining to an extended soliloquy during which Schmeltzer charged many causes and parties for his offenses. Schmeltzer's speech to the court was scarcely indicative of acceptance of responsibility. After Schmeltzer concluded, the court stated:  "I have heard Mr. Schmeltzer and I think Mr. Schmeltzer himself at this time is not totally sure

Quite beyond the factual disparity between the instant case and those cited by Schmeltzer is the unequivocal language of the Sentencing Guidelines:

> Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

U.S.S.G. § 5G1.1(b). We are bound to enforce this provision. U.S. v. Stewart, 879 F.2d 1268, 1272 (5th Cir.), cert. denied, 493 U.S. 899 (1989); United States v. Roberson, 872 F.2d 597, 606 (5th Cir.), cert. denied, 493 U.S. 861 (1989). Even if Schmeltzer's sentence were otherwise reasonable and in accord with the particular provisions of the guidelines, we must reverse a sentence imposed in contravention of the Sentencing Guidelines' incorporation of minimum mandatory penalties. See United States v. Hernandez, 943 F.2d 1, 2 (5th Cir. 1991) (incorrect application of guidelines requires reversal, even if sentence is otherwise reasonable). All of the United States Courts of Appeals have agreed that statutorily mandated sentences are incorporated into the Sentencing Guidelines and prevail over the guidelines when in apparent conflict.[3] Thus, we cannot give our imprimatur to the

---

that he has accepted responsibility." We cannot accept Schmeltzer's argument that the government breached the plea agreement in this regard.

[3] E.g., United States v. Hall, 943 F.2d 39, 40 (11th Cir. 1991); United States v. Rodriquez, 938 F.2d 319, 320 (1st Cir. 1991); United States v. Gonzales, 930 F.2d 795, 796 (10th Cir. 1991); United States v. Larotonda, 927 F.2d 697, 698 (2nd Cir. 1991); United States v. Blackwood, 913 F.2d 139, 144 n.3 (4th Cir. 1990); United States v. McCaleb, 908 F.2d 176, 177 (7th Cir. 1990); United States v. Adonis, 891 F.2d 300, 302 (D.C. Cir.

government's attempted end run around the minimum mandatory sentence. That the government actually urged the court to sentence below the statutory minimum is, in our view, a serious breach of its duty to enforce the law Congress wrote.

**FORFEITURE**

Schmeltzer concedes that the government may retain pornographic video tapes, magazines, photographs, and sexual paraphernalia, as well as properties either used to commit or promote the events where traceable to the profits or proceeds obtained from the events, pursuant to 18 U.S.C. §§ 2252 and 2254. However, Schmeltzer challenges the government's failure to return certain other items of property including non-pornographic photographs of his children and family. Schmeltzer asks the court to invoke our mandamus power to compel the district court to order the immediate return of those items. We decline to do so. The district court noted, when posed with a similar request, that the government was in the process of administratively forfeiting the contraband items, and the remaining property would be returned to Schmeltzer at the conclusion of that process. Any intervention in the administrative process would be premature.

**CONCLUSION**

---

1989); United States v. Sharp, 883 F.2d 829, 831 (9th Cir. 1989); United States v. Taylor, 882 F.2d 1018, 1032 (6th Cir. 1989), cert. denied, 110 S.Ct. 256 (1990); United States v. Donley, 878 F.2d 735, 741 (3rd Cir. 1989), cert. denied, 110 S.Ct. 1528 (1990); United States v. Savage, 863 F.2d 595, 600 (8th Cir. 1988), cert. denied, 490 U.S. 1082 (1989).

It is improbable that our decision will end the case. Schmeltzer indicates that he will probably seek to void the plea bargain on remand. Notwithstanding, our mandate is clear. One final item remains to be resolved; both Schmeltzer and the government request that the judgment be reformed to reflect that Schmeltzer was found guilty of "possession," rather than "receiving," a visual depiction of a minor engaging in sexually explicit conduct, that had been transported in interstate and/or foreign commerce. The judgment shall be altered to reflect this change. We vacate Schmeltzer's sentence as inconsistent with the minimum sentence prescribed for a second conviction under 18 U.S.C. § 2252(a)(2), (b)(2), and remand for further proceedings.

**MODIFIED** in part, **VACATED** and **REMANDED** in part.