_____

No. 96-1740SI
_____

United States of America,      *
                               *
              Appellee,        *    Appeal from the United States
                               *    District Court for the Southern
     v.                        *    District of Iowa.
                               *
William Payton Whitener,       *        [UNPUBLISHED]
                               *
              Appellant.       *
_____

Submitted:  November 19, 1996

Filed:    December 13, 1996
_____

Before FAGG and HANSEN, Circuit Judges, and MAGNUSON,[*] District
     Judge.
_____


PER CURIAM.


William Payton Whitener pleaded guilty to conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). In exchange for Whitener's plea, the Government dismissed three distribution counts in the indictment. The written plea agreement noted the statutory minimum sentence was 60 months, see 21 U.S.C. § 841(b)(1)(B) (1994), and under Federal Rule of Criminal Procedure 11(e)(1)(C), specified a 60-month sentence was appropriate. At the plea hearing, the district court conditionally approved the agreement and ordered the preparation of a presentence report (PSR). See Fed. R. Crim. P. 11(e)(2). The PSR noted the statutory minimum term of imprisonment was 60 months, the applicable sentencing range under the 1995 U.S. Sentencing

_____

*The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

Guidelines Manual (hereinafter Guidelines) was 46 to 57 months, and Whitener might not qualify for relief from the statutory minimum sentence under the "safety valve," see 18 U.S.C. § 3553(f); Guidelines § 5C1.2. At the sentencing hearing, Whitener's counsel asked the district court to impose the 60-month sentence specified in the plea agreement. The district court approved the plea agreement and sentenced Whitener to imprisonment for 60 months, stating the sentence set forth in the plea agreement made sense both for Whitener and for the public.

On appeal, Whitener asserts the district court committed error in departing above the applicable Guidelines range without justifiable reasons. We disagree. According to Guidelines § 6B1.2, a district court may only accept a plea agreement containing a specific sentence if the agreed sentence is within the applicable Guidelines range, or if the agreed sentence departs from the applicable range for "justifiable reasons." In Whitener's case, however, Congress's provision of a 60-month statutory minimum sentence for his offense justifies his 60-month sentence. Indeed, when a statutory minimum sentence exceeds the applicable Guidelines range, Guidelines § 5G1.1(b) requires imposition of the statutory minimum sentence. See United States v. Stoneking, 60 F.3d 399, 402 (8th Cir. 1995) (en banc) (explaining Sentencing Commission cannot override Congress), cert. denied, 116 S. Ct. 926 (1996); United States v. Schmeltzer, 960 F.2d 405, 408 & n.3 (5th Cir. 1992) (sentences within Guidelines range but below statutory minimum must be reversed). Thus, we affirm Whitener's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.