# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

June 28, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| Nos. 02-3238 <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> LISSETT RIVERA, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 98 CR 923 <br> Blanche M. Manning, *Judge.* |

## Order

The court's opinion of June 16, 2005, is amended on page 4.  The last paragraph of the opinion shall be replaced with the following language:

By deciding not to take a cross-appeal, the United States has ensured that Rivera's sentence cannot be increased. See *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479-82 (1999). (Earlier decisions, such as *United States v. Schmeltzer*, 960 F.2d 405, 408-09 (5th Cir. 1992), holding that a court of appeals may increase a defendant's sentence whether or not the prosecutor filed a notice of appeal, do not survive *Neztsosie*.) But the lack of a cross-appeal does not entitle Rivera to another shot at a sentence below 97 months, if the only lawful outcome on remand would be application of the statutory minimum. It is accordingly unnecessary for us to consider whether Rivera's sentencing range under the Guidelines was calculated correctly; she cannot benefit from resentencing. Nor is a remand under *Paladino* appropriate, for *Booker* does not confer on district judges any discretion to give sentences below statutory floors. Any error the district judge may have made in resolving factual disputes in order to apply the Guidelines was harmless. Cf. *United States v. Lee*, 399 F.3d 864 (7th Cir. 2005).