**UNITED STATES of America, Appellee,**

v.

**Mark LAROTONDA,
Defendant–Appellant.**

**No. 969, Docket 90–1486.**

United States Court of Appeals,
Second Circuit.

Argued March 8, 1991.

Decided March 11, 1991.

Elizabeth Glazer, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Helen Gredd, Asst. U.S. Atty., New York City, on the brief), for appellee.

Richard A. Rehbock, New York City, for defendant-appellant.

Before KAUFMAN, KEARSE and PRATT, Circuit Judges.

PER CURIAM:

Defendant Mark Larotonda appeals from a final judgment of the United States District Court for the Southern District of New York following his plea of guilty before Nicholas Tsoucalas, *Judge* of the United States Court of International Trade, sitting by designation, convicting him of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21

U.S.C. § 846 (1988). He was sentenced to, *inter alia,* 10 years' imprisonment. On appeal, he contends principally that his sentence exceeded the period prescribed by the federal Sentencing Guidelines ("Guidelines"). We disagree and affirm the judgment.

On July 13, 1989, codefendant Anan Peter Peechaphand and others sought to purchase $630,000 worth of heroin from an undercover New York City Police detective and were arrested. Larotonda had driven Peechaphand to the rendezvous and served as a lookout. He pleaded guilty to conspiracy to distribute and to possess with intent to distribute approximately 4.9 kilograms of heroin.

Pursuant to the Guidelines, Larotonda's base offense level was calculated as 34; he was given downward adjustments of two points for acceptance of responsibility, and four points for being a minimal participant in the offense. The resulting adjusted level of 28 yielded a Guidelines range of 78 to 97 months' imprisonment.

The conspiracy section, 21 U.S.C. § 846, however, provides that the penalty for conspiracy is the penalty provided for the substantive offense that was the object of the conspiracy; § 841(b)(1)(A) provides that a person convicted of distribution or possession with intent to distribute more than one kilogram of heroin "shall be sentenced to a term of imprisonment which may not be less than 10 years." Thus, under § 846, the punishment for conspiracy to distribute or to possess with intent to distribute more than one kilogram of heroin includes a minimum of 10 years' imprisonment. The government persuaded the court that the statutory provision for a minimum prison term overrides any lower calculation under the Guidelines. Accordingly, the court sentenced Larotonda to 120 months' imprisonment.

Larotonda's contention that the imposition of the 10–year prison term violates the Guidelines has no merit. The Guidelines provide that if there is a discrepancy between the Guidelines range and a minimum prison term provided by statute, the statutory provision controls:

Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

Guidelines § 5G1.1(b); *see United States v. Garcia–Pillado,* 898 F.2d 36, 39 (5th Cir. 1990); *United States v. Donley,* 878 F.2d 735, 740–41 (3d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1528, 108 L.Ed.2d 767 (1990); *United States v. Sharp,* 883 F.2d 829, 831 (9th Cir.1989); *United States v. Taylor,* 882 F.2d 1018, 1032 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990); *United States. v. Savage,* 863 F.2d 595, 600 (8th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989). Accordingly, the court's sentencing of Larotonda to a 10–year term of imprisonment was proper.

### CONCLUSION

We have considered all of Larotonda's arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.