UNITED STATES of America, Appellee,

v.

Michael P. MADKOUR,
Defendant–Appellant.

No. 575, Docket 90–1397.

United States Court of Appeals,
Second Circuit.

Argued Dec. 20, 1990.

Decided April 11, 1991.

Charles A. Caruso, Burlington, Vt., Asst. U.S. Atty. (George J. Terwilliger, III, U.S. Atty., David V. Kirby, Chief, Criminal Div., William B. Darrow, Asst. U.S. Atty., of counsel), for appellee.

William B. Gray, Burlington, Vt. (Sheehey Brue Gray & Furlong, Donald J. Rendall, Jr., of counsel), for defendant-appellant.

Before TIMBERS, MESKILL and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Michael P. Madkour appeals his sentence following his guilty plea to knowingly and intentionally manufacturing and possessing with intent to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1). Madkour was sentenced for possessing in excess of 100 marijuana plants, an amount that triggers a five-year minimum sentence under the section's penalty provision, § 841(b)(1)(B)(vii). This statutory minimum is one of a number of minimum sentences imposed by congress as part of the Comprehensive Drug Abuse Prevention and Control Act. Had this statutory minimum not existed, Madkour's sentence under the sentencing guidelines would have been between 15 and 21 months. Thus, it is not surprising that there was great contention over the actual number of plants for which Madkour was responsible. In fact, it was the only disputed issue before the district court.

Madkour argues principally that his mandatory minimum sentence cannot be imposed without a jury finding as to the amount of the drugs. He also argues that the district court failed to insulate suppressed evidence from its sentencing determination, and that the court's finding as to the number of plants was clearly erroneous. For the reasons below, we reject these arguments and affirm the judgment of conviction.

## BACKGROUND

In June of 1989 an employee of the United States Forest Service discovered bags of Promix, a type of potting soil commonly used to grow marijuana, in Green Mountain Forest, a national forest located near Lincoln, Vermont. The employee notified the local sheriff's office, which, upon investigation of the area, discovered approximately 84 marijuana plants. The sheriff's office contacted agents from the Drug Enforcement Administration, and together the two offices investigated more extensively. They first found 28 additional plants, and then discovered a second site that contained 26 plants.

The agents placed the area under surveillance, and on July 8th, they arrested defendant Michael P. Madkour after they observed him at the first site, dispersing plants into a wooded area nearby. Madkour was charged in two counts with manufacturing and possessing with intent to manufacture marijuana (count one), and with possessing with intent to distribute marijuana (count two). Both counts alleged that he did so by "growing over 100 marijuana plants on National Forest Service Land near Lincoln, Vermont."

Prior to trial, Madkour moved to suppress statements he had made to the agents immediately following his arrest. After a hearing, the district court suppressed some of his statements, but rejected Madkour's argument that all of his statements should be suppressed.

Madkour then moved for a pretrial ruling that the number of marijuana plants be submitted to the jury as one of the elements of each offense. Under the applicable sentencing provision, 21 U.S.C. § 841(b)(1)(B)(vii), a finding that the defendant possessed in excess of 100 plants would require imposition of a mandatory minimum sentence of five years. Madkour argued that quantity was part of the substantive offense under § 841, and furthermore, since the quantity was the only disputed issue in the case and a finding that there were in excess of 100 marijuana plants would more than double his sentence, the issue must be submitted to a jury for determination. The district court denied Madkour's motion, concluding that the number of plants "is not an element of

the offense * * * [rather] the amount goes to the penalty."

Faced with this ruling, Madkour pled guilty, but during his allocution refused to admit that the two counts with which he was charged involved 100 or more plants. Since the district judge had already determined that the number of plants was not an element of the offense, but rather was a matter to be considered by the court as part of the sentencing proceeding, he accepted Madkour's plea.

When the time came for sentencing, on defendant's motion the district court held an evidentiary hearing to determine the number of marijuana plants involved in the offenses. The government claimed that there were 131 plants, while Madkour asserted that only 65 to 70 plants were involved. Ultimately, the district court found, by a preponderance of the evidence, that 131 marijuana plants were involved. Given that fact, the district judge had no alternative but to sentence Madkour to the statutory minimum of five years, although he did so with great reluctance. Referring to the mandatory sentence requirement, he wrote:

> This type of statute [§ 841(b)(1)(B)(vii)] does not render justice. This type of statute denies the judges of this court, and of all courts, the right to bring their conscience, experience, discretion, and sense of what is just into the sentencing procedure, and it, in effect, makes a judge a computer, automatically imposing sentences without regard to what is right and just. It violates the rights of the judiciary and of the defendants, and jeopardizes the judicial system. In effect, what it does is it gives not only Congress, but also the prosecutor, the right to do the sentencing, which I believe is unconstitutional. Unfortunately, the higher courts have ruled it to be constitutional. * * * This case graphically illustrates the failure of the justice system. * * * But for the mandatory sentence, I would have sentenced defendant to the [guideline] minimum of 15 months.

Madkour appeals.

## DISCUSSION

### 1. *Appealability.*

As a preliminary matter, we address the government's contention that because Madkour pled guilty, he has waived his right to appeal all questions involving the quantity of drugs. In support of its position, the government points to our recent decision in *United States v. Contractor,* 926 F.2d 128 (2d Cir.1991). In *Contractor,* the defendant pled guilty to the charge of conspiring to import heroin. Prior to the plea, the district court had indicated that it would not allow the defendant to introduce at trial evidence that he was "authorized" by the Drug Enforcement Administration to engage in the criminal activity with which he was charged. *Id.* at 133. We held that by pleading guilty to the substantive crime, the defendant had waived his right to appeal the district court's preclusion of the "authorization" defense. *Id.*

The government would have us apply the same rule in the present case. However, there are two significant differences. First, the issue that Madkour now raises concerns his sentence, and not, as in *Contractor,* a defense to the crime itself. Second, Madkour, unlike the defendant in *Contractor,* distinctly preserved the issue he now raises on appeal by informing the court, prior to sentencing, that he intended to appeal the issue. As even a cursory glance at our docket reveals, sentencing disputes under the guidelines may be appealed, *see* 18 U.S.C. 3742(a) & (b), as long as the defendant "first present[s] * * * [his argument] to the district court for determination." *United States v. Irabor,* 894 F.2d 554, 555 (2d Cir.1990). The same rule applies to claims of improper application of mandatory minimum sentences, for such sentences are applied under, not outside of, the sentencing guidelines. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence *shall be the guideline sentence.*") (emphasis added). *Cf.* U.S.S.G. § 5G1.1(a)

(incorporating statutory maximum sentences as guidelines sentences); *see also United States v. Larotonda,* 927 F.2d 697, 698 (2d Cir.1991) (per curiam) ("The Guidelines provide that if there is a discrepancy between the Guidelines range and a minimum prison term provided by statute, the statutory provision controls").

## 2. *Standard of Proof.*

Madkour contends that the district court cannot impose a mandatory minimum sentence under § 841(b) without a jury finding, beyond a reasonable doubt, that the crime involved a quantity of drugs in excess of the amount required by the statute. He has abandoned his claim that the quantity of drugs is an element of the offense, acknowledging that the circuit rejected this argument in *United States v. Campuzano,* 905 F.2d 677 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990), which was decided by us just one day before Madkour was sentenced in the district court. But Madkour does maintain that *Campuzano* left open the question of whether a quantity issue under § 841 requires a jury trial, and he further argues that language in *United States v. Pforzheimer,* 826 F.2d 200 (2d Cir.1987), suggests that in a case involving § 841, quantity should be determined by the jury. We reject this argument.

In *Campuzano,* we explicitly addressed the relationship between quantity of drugs and the substantive offense under § 841. Following "a clear majority of circuits" we held that, even in the face of a specific allegation of quantity in the indictment, "quantity is not an element of the crimes proscribed by Section[ ] 841(a) * * *." *Campuzano,* 905 F.2d at 679 (citations omitted). We stated that "[w]hen an indictment does allege that a particular quantity is involved, the effect is only to put the defendant on notice that the enhanced penalty provisions of Section 841(b) may apply." *Id.*

▮ In short, quantity relates solely to sentencing. And at sentencing, the district court is not limited to conclusions reached by the jury or even evidence presented at trial, but instead may consider any evidence that it deems appropriate. *See Hollis v. Smith,* 571 F.2d 685, 693 (2d Cir.1978) (Friendly, J.) ("There is no authority binding upon us which holds that the procedure in proceedings relating solely to punishment, even when an additional fact has to be established, must conform precisely to those in proceedings relating to guilt, and we see no basis in principle for so holding.")

▮ In an attempt to counter our holding in *Campuzano* and the ramifications that result from it, Madkour points to language in *Pforzheimer,* a case in which we affirmed the district court's decision to use jury interrogatories in a case under § 841. One of those interrogatories addressed the issue of quantity, and in justifying the use of the interrogatories in general, we stated, in dictum, that " 'there was no way' for the judge to know whether * * * [defendant] Pforzheimer had manufactured more or fewer than 50 kilograms of marijuana unless the question was asked specifically." *Pforzheimer,* 826 F.2d at 206 (citation omitted). But the issue in *Pforzheimer* was not whether quantity determinations were a jury question, but rather whether it was proper for the district court to have used jury interrogatories at all. We stated that because the case involved multiple counts and two defendants—one of whom was acquitted on all counts—the use of the interrogatories was proper. The issues of who should decide the quantity of drugs in cases under § 841, and what standard of proof should be applied, were never directly raised. Accordingly, we interpret the dictum in *Pforzheimer* to which Madkour points as determining that the issue of quantity *may* be submitted to the jury, but that a district judge is not obligated to do so. The decision to use interrogatories to determine quantity, as with their use in general, lies in the discretion of the district judge.

The general principle that at sentencing the district court is not limited to conclusions reached by the jury or even evidence presented at trial is further confirmed by the well-established standards for sentenc-

ing guideline cases, under which this case falls. Judge McLaughlin of this court has recently summarized these standards in *United States v. Ibanez*, 924 F.2d 427 (2d Cir.1991).

Under the Guidelines, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). The information then presented to the court need only have "sufficient indicia of reliability to support its probable accuracy" without regard to admissibility under the rules of evidence. *Id.; see also* Commentary to § 6A1.3; *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989); *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), *cert. denied*, 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

Defendants are entitled to due process up to and through the imposition of sentence. *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir.1986) (citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977)), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989). Disputed sentencing factors, however, need only be proved by a preponderance of the evidence to satisfy due process. *United States v. Rodriguez–Gonzalez*, 899 F.2d 177, 182 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *United States v. Rivalta*, 892 F.2d 223, 230 (2d Cir.1989); *United States v. Guerra*, 888 F.2d 247, 251 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990); see *McMillan v. Pennsylvania*, 477 U.S. 79, 91–93, 106 S.Ct. 2411, 2418–20, 91 L.Ed.2d 67 (1986) (preponderance standard held to satisfy due process in state sentencing proceeding).

On appeal, the reviewing court must "accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *see United States v. Santiago*, 906 F.2d 867, 871 (2d Cir.1990); *United States v.*

*Parker*, 903 F.2d 91, 103 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990); *United States v. Shoulberg*, 895 F.2d 882, 884 (2d Cir. 1990); *see also United States v. Lanese*, 890 F.2d 1284, 1291 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2207, 109 L.Ed.2d 533 (1990). We will not overturn the district court's application of the Guidelines to the facts absent an abuse of discretion. *Santiago*, 906 F.2d at 871; *Parker*, 903 F.2d at 103; *Shoulberg*, 895 F.2d at 884.

*Id.* at 429–30.

Accordingly, the district judge did not abuse his discretion in denying Madkour's motion and in determining, himself, the quantity of plants by a preponderance of the evidence after a sentencing hearing. His conclusion that Madkour possessed in excess of 100 plants was not clearly erroneous.

### 3. *Suppressed Statements and the Sentencing Hearing.*

■ Madkour also argues that the district court failed to "preclude the possibility" that his testimony at the suppression hearing "influenced the court's determination of the number of plants involved" and he urges that the case should be remanded to ensure that it is "in full compliance" with *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

*Simmons* is inapposite: in that case, the Supreme Court held that use *at trial* of testimony at a suppression hearing violated the fourth amendment. *Id.* at 389–90, 88 S.Ct. at 973–74. Madkour claims that this rationale "applies with equal force to a sentencing proceeding." But in support of his statement, Madkour only offers *United States v. Branker*, 418 F.2d 378, 380–81 (2d Cir.1969), a case that applied *Simmons* to a pre-trial hearing. He offers no support for his assertion that the case should apply to a sentencing hearing.

There are additional reasons why this claim of Madkour's has no merit. To begin with, at the sentencing hearing the district court stated that "we take the evidence as

presented at *this* hearing. And, obviously, the evidence and our findings under the suppression hearing is not part of *this* hearing." (emphasis added). Given this statement, it seems clear that in making his quantity determination, the district judge did not rely upon any evidence that was presented at the suppression hearing. Thus the factual premise for Madkour's argument is false.

Moreover, even if the district judge had relied on evidence developed at the suppression hearing, it would not have been error. *See* 18 U.S.C. 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). In addition, we have recently held that "[t]he Due Process Clause does not restrict the court with respect to the type of information it may consider for purposes of sentencing." *United States v. Copeland*, 902 F.2d 1046, 1050 (2d Cir.1990). In *Copeland*, we upheld a district court's consideration, in a sentencing hearing, of a quantity of drugs that the defendant had not even been charged with in the indictment. *Id.* at 1050.

Finally, we have held that "[w]here illegally seized evidence is reliable and it is clear * * * that it was not gathered for the express purpose of improperly influencing the sentencing judge, there is no error in using it in connection with fixing sentence." *United States v. Schipani*, 435 F.2d 26, 28 (2d Cir.1970), *cert. denied*, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971). *See also United States v. Hernandez Camacho*, 779 F.2d 227, 230–32 (5th Cir.1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1981, 90 L.Ed.2d 664 (1986).

### 4. *Proof of Marijuana.*

■ Madkour's last contention is that the district court's finding as to the number of marijuana plants was clearly erroneous, because the government actually tested only a small number of the plants for the presence of THC. Madkour contends that if plants do not contain THC, then they are not marijuana as defined by the statute, and that because the government did not individually test each of the marijuana plants for THC, there was inadequate evidence for the district court's finding that Madkour possessed in excess of 100 plants. We reject this argument.

21 U.S.C. § 802(16) defines marijuana as "[a]ll parts of the plant *Cannabis sativa L.*, whether growing or not * * *." In interpreting § 841, we have held that "Congress intended to prohibit possession of all varieties of marijuana." *United States v. Kinsey*, 505 F.2d 1354 (2d Cir.1974). In the present case, the government discovered approximately 131 marijuana plants: In addition to the lab results of the tests for THC in a random sample of the plants, the government also offered the expert testimony of an experienced government agent, who testified that a visual inspection of the plants led him to conclude that they were marijuana. This was sufficient for the district court to conclude that all of the plants were marijuana, a conclusion that was not clearly erroneous. *Cf. United States v. Rodriguez–Arevalo*, 734 F.2d 612, 616 (11th Cir.1984) ("The nature of a substance as marijuana need not be proved by direct evidence where circumstantial evidence establishes beyond a reasonable doubt its identity.").

### CONCLUSION

The judgment of conviction is affirmed in all respects. Upon finding that Madkour possessed in excess of 100 marijuana plants, the district judge was compelled to sentence him to at least a five-year prison sentence. The irony of a mandated sentence, in the face of our long tradition that trumpets the importance of judicial discretion in sentencing, is not lost on us. The district judge was troubled by the harsh sentence that he was compelled to impose on Madkour, following a process that, in his words, "makes a judge a computer, automatically imposing sentences without regard to what is right and just." We too are troubled, but unfortunately, have no power to disregard the clear mandate of

congress, however ill-advised we might think it to be.

Affirmed.