UNITED STATES of America,
Appellee–Cross–Appellant,

v.

Luis JIMENEZ, also known as Bello, also known as Juan Diego; Carlos Enrique Perdomo; Jose Urena, also known as Jose Urena; Jose Miguel Rodriguez, also known as Caballo; Roman Santiago; Yvonne Burgos; Ines Urena; Gregoria Morel Bejaran, also known as Bernadina; Jose Ramon Montoya, also known as Montoya; Rafael Colon; LNU1–92CR0550–011, also known as Junior; LNU1–92CR0550–012, also known as Rubio; LNU1–92CR0550–014, also known as Pinguino, also known as Antonio, Daniel Urena; Usmare St. Hilare, also known as Lucito, Raymond Comas; Moises Cuevas; Aparacia Urena Soto, also known as Nana; Gloria Santos; Hippolito Collante, also known as Pollo; Idelisse Reyes; Agapito Velez, also known as Pete; Norberto Gomez, Defendants,

Pedro Guzman, also known as LNU1–92CR0550–013, Defendant–Appellant–Cross–Appellee.

Nos. 213, 309, Dockets 94–1464, –1468.

United States Court of Appeals,
Second Circuit.

Argued Sept. 6, 1995.

Decided Oct. 13, 1995.

**50**

Harriet B. Rosen, New York City, for defendant-appellant-cross-appellee.

James A. Goldston, Assistant United States Attorney, Southern District of New York City (Mary Jo White, United States Attorney, Robert E. Rice, Alexandra Rebay, Assistant United States Attorneys, on the brief), for appellee-cross-appellant.

Before: WINTER, ALTIMARI and McLAUGHLIN, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant Pedro Guzman ("Guzman") appeals from a judgment of the United States District Court for the Southern District of New York (Schwartz, J.), convicting him, after a jury trial (before Conboy, J.), of conspiracy to distribute narcotics and sentencing him principally to 262 months' imprisonment. Guzman argues that 1) the Sentencing Guidelines' 100:1 crack to powder cocaine sentencing ratio is unconstitutional, 2) the case should be remanded for the district court to consider a downward departure in light of the Sentencing Commission's proposed amendments to the Drug Quantity Table, and 3) the district court misconstrued its authority to downwardly depart. Guzman's contentions are without merit. The government cross-appeals, asserting that the district court improperly failed to enhance Guzman's sentence under U.S.S.G. § 3B1.1 despite explicitly determining that he played a managerial role in the drug organization.

Because the government is correct that once the predicate for an enhancement under § 3B1.1 has been established the district court is required to enhance the defendant's sentence, we remand to the district court for resentencing consistent with its determination that Guzman played a managerial role.

## BACKGROUND

From April 20, 1992 through June 18, 1992, Guzman was the night manager of one of two retail distribution centers at which the narcotics organization headed by co-defendant Luis Jimenez ("Jimenez") sold massive quantities of crack cocaine. At trial the government produced: crack cocaine seized from the distribution centers; narcotics records; packaging material and paraphernalia; evidence of more than 60 intercepted phone calls in which Guzman's co-conspirators described the conspiracy and Guzman's role in that conspiracy; and extensive testimony of witnesses, including the testimony of three members of the organization (Roman Santiago, Yvonne Burgos, and Rafael Colon) who cooperated with the government's prosecution of Guzman.

As a distribution center manager, Guzman was in charge of disseminating vials of crack cocaine (by the hundreds) on an as-needed basis to his distribution network. Crack was sent by Guzman to the streets via "runners." Those runners delivered the drugs to "pitchers" to be distributed. The money received by the pitchers for the crack was then returned to Guzman via the runners and Guzman was charged with recording the various transactions in a detailed ledger.

After a two week trial, Guzman was found guilty of conspiring to distribute crack cocaine. At his sentencing hearing, the district court stated that:

> [Guzman's] role as manager is fully supported by the record. Particularly if you read the materials ... it is hard to deduce that this man was not a manager of the activity. The things that he did, the duration of his activity, the level of his involvement support the claim [that] he was a manager in the activity.

Despite explicitly finding that Guzman was a manager of the criminal enterprise, the dis-

trict court ultimately declined to increase his sentence based upon his managerial role. With an adjusted offense level of 34 and a combined criminal history category of VI, Guzman faced a sentencing range of 262 to 327 months' imprisonment. The district court imposed a sentence at the bottom of the range, stating, "[e]ven if I had greater discretion, I couldn't give him less than 262 months because he obviously has a 20 year mandatory minimum."

Guzman now appeals his sentence on three grounds [1]: 1) the 100:1 crack to powder cocaine ratio is unconstitutional; 2) the case should be remanded for consideration of a downward departure in light of the Sentencing Commission's proposed amendments to the Guidelines; and 3) the district court misconstrued its authority to downwardly depart from 262 months' imprisonment. The government cross-appeals, asserting that once the district court determined that Guzman was a manager it erred in failing to increase his offense level accordingly.

## DISCUSSION

*Guzman's Appeal*

■ Guzman argues that the district court misconstrued its authority to downwardly depart. We find this contention meritless. While the district judge noted, "[e]ven if I had greater discretion, I couldn't give him less than 262 months because he obviously has a 20 year mandatory minimum," Guzman did not seek a downward departure from the district court at his sentencing hearing. Accordingly, Guzman's claim that the district court misconstrued its authority—which it was not asked to exercise—must be rejected.

■ Guzman also challenges the constitutionality of the 100:1 sentencing ratio with respect to crack versus powder cocaine. *See* U.S.S.G. § 2D1.1(c), Drug Quantity Table. In light of our recent opinion in *United States v. Then*, 56 F.3d 464 (2d Cir.1995), Guzman's contention that the ratio violates the equal protection clause is without merit.

■ Finally, Guzman argues that this Court should remand to the district court for reconsideration of its sentence in light of the Sentencing Commission's proposed amendment to the Drug Quantity Table (abandoning the 100:1 crack to powder cocaine ratio). As this Court stated in *United States v. Colon*, 961 F.2d 41, 46, (2d Cir.1992), "Congress did not wish appellate courts on direct review to revise a sentence in light of changes made by the [Sentencing] Commission after the sentence has been imposed." Because the same must hold true for *proposed* changes in the Guidelines, we find Guzman's final contention without merit.

*The Government's Cross–Appeal*

■ The government correctly contends that the district court erred in failing to enhance Guzman's penalty based upon his managerial role in the cocaine distribution organization. Because the district court explicitly found that Guzman was a manager of the drug conspiracy, the court was obliged to increase his offense level. The language of U.S.S.G. § 3B1.1 is mandatory, not permissive. Section 3B1.1 states:

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1. We hold that, as with other enhancements in the Sentencing Guidelines stated in compulsory terms, the managerial role enhancement under § 3B1.1 "is mandatory once its factual predicates have

---

1. While Guzman initially argued on appeal that the district court had improperly applied the career offender provisions of U.S.S.G. § 4B1.1 to Guzman's conspiracy conviction, he subsequently abandoned his argument in light of the clear resolution of the issue by this Court in *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir.1995) (conspiracy included within definition of "controlled substance offense").

been established." *United States v. Friedman,* 998 F.2d 53, 58 (2d Cir.1993) (enhancement for obstruction of justice); *see also United States v. Dunnigan,* — U.S. —, —, 113 S.Ct. 1111, 1119, 122 L.Ed.2d 445 (1993) (enhancement for perjury).

■ The district court explicitly determined that Guzman was a manager or supervisor of Jimenez's drug organization, thus requiring an enhancement under § 3B1.1. The district court did not, however, determine whether the organization involved five or more participants. Accordingly, this case is remanded for the sole purpose of determining which enhancement applies— § 3B1.1(b) or (c)—and for resentencing consistent with that determination.

## CONCLUSION

Guzman's challenges to the district court's sentencing are without merit. The case is remanded, however, for resentencing consistent with the district court's finding that Guzman played a managerial role in the drug conspiracy.