89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Abel DIAZ, Defendant-Appellant.
 No. 95-1254.
 United States Court of Appeals, Second Circuit.
 Nov. 13, 1995.
 
 Appeal from the United States District Court for the Eastern District of New York.
 Appearing for Appellant: Frank A. Lopez, N.Y., N.Y.
 Appearing for Appellee: Jo-Anne Weissbart, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Present: LUMBARD, KEARSE, and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Abel Diaz appeals from a judgment entered in the United States District Court for the Eastern District of New York following his plea of guilty before Denis R. Hurley, Judge, to one count of conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). He was sentenced principally to 60 months' imprisonment, the statutory minimum, to be followed by a fouryear term of supervised release. On appeal, Diaz contends that the district court should have sentenced him within the range prescribed by the federal Sentencing Guidelines ("Guidelines"), which was below the statutory minimum. Finding no merit in his contention, we affirm the judgment.
 
 
 4
 If there is a discrepancy between the Guidelines range and a minimum prison term provided by statute, the statutory provision controls, see, e.g., United States v. Larotonda, 927 F.2d 697, 698 (2d Cir.1991) (per curiam); Guidelines § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"), unless the court finds that the conditions set out in 18 U.S.C. § 3553(f) are met. In the present case, Diaz did not argue in the district court that he met those conditions; rather, he stated that the Guidelines-prescribed range was lower than the 60-month statutory minimum but that he should be sentenced to 60 months. Accordingly, Diaz's present argument has been waived. Even if it were not waived, however, we would conclude that it is without merit, since Diaz has not shown that he meets all of the conditions set out in § 3553(f). Indeed, the record plainly indicates that Diaz did not meet his obligation under § 3553(f)(5) to "truthfully provide[ ] to the Government all information and evidence [he] has concerning the offense or offenses" with which he was charged.
 
 
 5
 We have considered all of Diaz's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.