COX, Circuit Judge,
specially concurring:
I join parts I, II and III of the court’s opinion, except for footnote 4. Footnote 4 suggests, but does not hold, that the guideline amendment effective November 1, 1993, which defines “cocaine base” as “crack,” does not apply in this case. In my view the guideline amendment does apply. All of the appellants were sentenced after its effective date. Application of this amendment would not violate the Ex Post Facto Clause of the Constitution because its application would not subject appellants to greater guideline or statutory punishment than was authorized prior to the amendment. “[E]ven prior to the amendment the distinction made in the guidelines between cocaine and cocaine base was clear. Further, the express purpose of the 1993 amendment was to reject the interpretation of eases ... which had ruled that cocaine base included more than crack.... Thus, the amendment did not expand the reach of the term cocaine base as used in § 2D1.1(c), but rather confined it.” United States v. Montoya, 87 F.3d 621, 623 (2d Cir.1996).
I do not join the portion of part IV of the court’s opinion that addresses appellants’ contention that crack cocaine and other forms of cocaine base are treated disparately without a rational basis, in violation of the equal protection prong of the Due Process Clause. I would not address that contention because it was not presented to the district court.
Sloan admittedly failed to present this issue to the district court. The other appellants filed in the district court a written motion asserting their constitutional challenges to the sentencing scheme in question. The ground for their equal protection challenge appears in their motion. It reads as follows:
The federal sentencing provisions regarding cocaine base impose a disproportionate burden upon blacks and other people of color. Congress was motivated by racial considerations when it enacted the enhancement provision for cocaine base. Such a law is not constitutionally valid unless the classification is narrowly tailored to further a compelling government interest. The statute is not narrowly tailored; instead it is arbitrary, irrational, and was racially motivated.
(R. 1-171 at 8.) We should not entertain on appeal an issue not raised in the district court. See Booth v. Hume Publishing, Inc., 902 F.2d 925 (11th Cir.1990) (“[A]s a general rule an appellate court will not consider a legal issue or theory raised for the first time on appeal_”).