104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES OF AMERICA, Appellee,
v.
Stanley WEAVER, Defendant-Appellant.
 No. 96-1068.
 United States Court of Appeals, Second Circuit.
 Sept. 30, 1996.
Order Denying Permission to file for Rehearing Out of Time
Nov. 18, 1996.
 
 Appearing for Appellant: Bruce R. Bryan, Syracuse, N.Y.; Stanley Weaver pro se.
 Appearing for Appellee: Grant C. Jaquith, Ass't U.S. Att'y, NDNY, Syracuse, N.Y.
 Before HONORABLE MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Stanley Weaver appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York following his conditional plea of guilty before Howard G. Munson, Judge, to one count of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced principally to 135 months' imprisonment, to be followed by a five-year term of supervised release. In pleading guilty, Weaver reserved the right to challenge on appeal the district court's denial of his motion to suppress a statement and physical evidence. On appeal, he pursues those challenges and challenges his sentence. For the reasons below, we reject all of his contentions.
 
 
 4
 Weaver was subjected to surveillance as he left a bus in a public bus station, and he contends, inter alia, that the surveillance constituted a search and seizure in violation of his rights under the Fourth Amendment. We reject this contention. "What a person knowingly exposes to the public ... is not a subject of Fourth Amendment protection." Katz v. United States, 389 U.S. 347, 351 (1967). Police surveillance does not itself constitute a search, and events thus observed may serve as the basis for lawful searches or arrests. See, e.g., United States v. Knotts, 460 U.S. 276, 285 (1983). A person dismounting a bus in a public station has no reasonable expectation of privacy with respect to his conduct in public areas.
 
 
 5
 Nor are we persuaded by Weaver's contention that his agreement to accompany the agents into the station was not consensual because the surveillance was "arguably intimidating and harassing" (counsel's brief on appeal at 17). After a motion to suppress has been denied, evidence supporting that denial must be viewed in the light most favorable to the government, see, e.g., United States v. Kirsh, 54 F.3d 1062, 1067 (2d Cir.), cert. denied, 116 S.Ct. 330 (1995); United States v. Jackson, 652 F.2d 244, 246 (2d Cir.), cert. denied, 454 U.S. 1057 (1981), and the findings of the district court will not be overturned unless they are clearly erroneous, see, e.g., Ramirez-Cifuentes, 682 F.2d 337, 344 (2d Cir.1982); United States v. Wiener, 534 F.2d 15, 17 (2d Cir.), cert. denied, 429 U.S. 820 (1976). Based on its assessment of the credibility of the witnesses, the district court found that Weaver's agreement to accompany the agents into the bus station was voluntary. This finding was supported by evidence that two agents had approached Weaver in plain clothes without displaying weapons; that the agents identified themselves, told Weaver there was "no problem," and asked to speak to him; and that at this point, an unidentified man with whom Weaver had been talking left rapidly on foot and was allowed to depart. The court obviously discredited, as it was entitled to do, Weaver's testimony that the agents had grabbed his arm and insisted that he go with them. Viewing the evidence in the light most favorable to the government, and deferring to the district court's credibility assessments, we see no error in the court's conclusion that Weaver voluntarily agreed to accompany the agents.
 
 
 6
 We also reject the contention that the court erred in denying the motion to suppress Weaver's statement to the agents that a hard object in his pocket was "dope." There was evidence that as he was accompanying the agents Weaver reached with his right hand into the left side of his coat, a movement consistent with reaching for a shoulder-holstered weapon; that upon seeing that movement, agent Gleason yelled a warning to agent MacConaghy; and that MacConaghy grabbed Weaver's hand and thereupon felt an object that he believed could be a weapon. It was reasonable in the circumstances for MacConaghy to grab Weaver's hand and conduct a security pat-down. The district court ruled that if the sequence of events was that Weaver stated that the object was "dope" prior to the pat-down, his statement provided probable cause for arrest and a search; it ruled that if the pat-down preceded Weaver's statement, the pat-down did not violate Weaver's Fourth Amendment rights because it was a reasonable action incident to a Terry stop (Terry v. Ohio, 392 U.S. 1, 30 (1968)). Given the record, we see no error in the court's conclusions.
 
 
 7
 We also reject Weaver's challenges to his sentence. His contentions that the more severe penalties imposed for crack offenses than for powder cocaine offenses violate his rights to due process and equal protection are foreclosed by prior decisions of this Court. See, e.g., United States v. Montoya, 87 F.3d 621, 623 (2d Cir.1996) (per curiam) (due process); United States v. Jackson, 59 F.3d 1421, 1424 (2d Cir.1995) (equal protection), cert. denied, 116 S.Ct. 1428 (1996). We decline Weaver's invitation to overrule those precedents on the basis of the Sentencing Commission's 1995 recommendation for elimination of the Guidelines' different treatments of crack and powder cocaine. Congress considered the Commission's proposed amendments and rejected them. Given the rulings upholding the constitutionality of the existing provisions, we have no authority to override Congress's legislative decision. See generally United States v. Jimenez, 68 F.3d 49, 51 (2d Cir.1995), cert. denied, 116 S.Ct. 1448 (1996).
 
 
 8
 Weaver's further contention that the district court should have granted him a downward departure because of unfairness in the Guidelines' crack-cocaine ratio is not properly before us. We have held that that disparity is not a proper basis for a downward departure, see, e.g., United States v. Stevens, 19 F.3d 93, 97 (2d Cir.1994); United States v. Reina, 905 F.2d 638, 640 (2d Cir.1990), and the district court's failure to depart on that basis is thus not appealable, see generally United States v. Chabot, 70 F.3d 259, 260 (2d Cir.1995) (per curiam) (refusal to grant downward departure is reviewable on appeal only if refusal was based on a mistaken view that the district court lacked authority to depart).
 
 
 9
 Weaver also attempts to assert a pro se argument that the substance seized from him was not crack. This contention, which was not a ground upon which his plea of guilty was made conditional, was waived by the plea, and we have no jurisdiction to consider it. See, e.g., United States v. Mann, 451 F.2d 346, 347 (2d Cir.1971) (per curiam).
 
 
 10
 We have considered all of Weaver's contentions that are properly before us and have found in them no basis for reversal. The judgment of conviction is affirmed.
 
 SUMMARY ORDER
 Nov. 18, 1996
 
 11
 A motion having been made herein by appellant for recall of the mandate and permission to file a petition for rehearing out of time based on counsel's recent discovery of Ornelas v. United States, 116 S.Ct. 1657 (1996), it is ordered that the motion be and it hereby is denied.
 
 
 12
 Ornelas v. United States, which held that a district court's determinations of reasonable suspicion and probable cause are to be reviewed de novo, see id. at 1663, did not change the law of this circuit. See, e.g., id. at 1661 n. 4 (citing United States v. Patrick, 899 F.2d 169, 171 (2d Cir.1990) (applying de novo review)). In the present case, this Court reviewed the record de novo with respect to the questions of reasonable suspicion and probable cause, and concluded that there was no error. The "clearly erroneous" standard of review was applied to the factual questions as to whether or not Weaver's consent to accompany the agents was voluntary; that standard for review of factual findings was not changed by Ornelas.
 
 
 13
 Accordingly, the motion is denied.