**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Duncan William EDWARDS, Defendant—Appellee.**

**No. 04–30451.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Dec. 20, 2005.

William W. Mercer, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellant.

John P. Rhodes, Esq., FDMT—Federal Defenders of Montana, Missoula, MT, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, ALARCÓN and KLEINFELD, Circuit Judges.

## MEMORANDUM *

The United States appeals a sentence imposed upon defendant Duncan William Edwards following his guilty plea conviction for bankruptcy fraud, in violation of 18 U.S.C. § 152(9) and making false statements to a bank, in violation of 18 U.S.C. § 1014. The court sentenced the defendant to seven months house arrest followed by five years probation. The presentence report had recommended a sentence enhancement, but the district court felt itself bound by the then recent three judge panel decision in *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004) (*Ameline I* ). Under that decision, the court was precluded from relying on any factors not found by the jury in determining defendant's sentence.

We subsequently ordered *Ameline I* reheard en banc, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We held that where, as here, a district court believed itself bound by pre-*Booker* law, we should remand for the district court to determine whether it would have imposed a different sentence had it understood that the Guidelines were advisory. *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (*Ameline II* ).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, the parties agree that we must, at least, remand this case under *Ameline II.*

The government asks us further to hold, as a matter of law, that the sentence imposed was unreasonable pursuant to 18 U.S.C. § 3553(a)(2). This we decline to do. The sentence imposed after the *Ameline* remand may well be different from the sentence imposed, and the government will be free to argue at that point, if it so desires, that the remaining sentence is unreasonably low. Moreover, we believe that the orderly development of the law under § 3553(a)(2) would be furthered by the district court's addressing the reasonableness issue in the first instance.

The remaining contention that *Booker* violates ex post facto principles has been decided in *United States v. Dupas,* 419 F.3d 916 (9th Cir.2005). There is no ex post facto violation.

Pursuant to *Ameline,* the sentence is REMANDED.

KLEINFELD, J. dissenting.

I would vacate the sentence because I cannot see how a sentence anything like the one imposed could be reasonable under 18 U.S.C. § 3553(a)(2).[1]

Edwards is a big time thief. He was convicted of bank fraud in Arizona and ordered to pay $3 million in restitution. Then he did it again, while on probation. He lied to a bank and tried to hide more than $600,000 from his creditors. The district court spared him from prison on the theory that he had made "life-changing determinations." His victims deserve better, even if he has made "life-changing determinations."

The majority holds that because we do not know if the sentence, after the *Ameline*[2] remand, will be different from the sentence imposed that we should not determine if this sentence is unreasonable. Our post-*Ameline* decisions have focused on the fact that "[b]ecause we cannot say that the district judge would have imposed the same sentence in the absence of mandatory Guidelines," we should remand for resentencing in accordance with *Booker.*[3] In this case, I think we can safely conclude that the lenience did not result from the view that the Guidelines were mandatory.

---

1. 18 U.S.C. § 3553(a)(2)(A) requires a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

2. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

3. *United States v. Ruiz–Alonso,* 397 F.3d 815, 820 (9th Cir.2005).