UNITED STATES of America,
Plaintiff–Appellant,

v.

Duncan William EDWARDS,
Defendant–Appellee.

United States of America,
Plaintiff–Appellant,

v.

Duncan William Edwards,
Defendant–Appellee.

Nos. 06–30163, 06–30165.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed Feb. 15, 2007.

Kurt G. Alme, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellant.

John P. Rhodes, Esq., FDMT–Federal Defenders of Montana, Missoula, MT, for Defendant–Appellee.

Before: BEEZER, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Duncan William Edwards was convicted under 18 U.S.C. §§ 152 and 1014 and received a sentence of seven months' home detention, five years' probation, and a $5000 fine. At the time of his sentencing the Supreme Court had issued its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but had not yet issued its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While the Government's appeal was pending in our court, the Supreme Court filed *Booker*, and we issued our en banc decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). We therefore remanded the Government's appeal with

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

instructions "for the district court to determine whether it would have imposed a different sentence had it understood that the Guidelines were advisory." *United States v. Edwards*, 158 Fed.Appx. 930, 931 (9th Cir.2005) (unpublished disposition) (citing *Ameline*, 409 F.3d 1073).

On remand, the district court affirmed Edwards's pre-*Booker* sentence, indicating that it had reviewed the record and that it would not have imposed a materially different sentence had it known that the United States Sentencing Guidelines were advisory. The Government timely appealed again.

On this second appeal, the Government principally challenges the reasonableness of the district court's sentence of probation. On the record presently before us, however, we are unable to conduct a meaningful review of the reasonableness of Edwards's sentence. In addition, the district court erred in failing to obtain the views of counsel before issuing its order responding to our previous *Ameline* remand. *See United States v. Montgomery*, 462 F.3d 1067, 1069 (9th Cir.2006) ("[O]n *Ameline* remand, a district court must obtain, or at least solicit, the views of counsel in writing before deciding whether re-sentencing is appropriate.").

In order to develop a proper record, we therefore vacate Edwards's sentence and remand for full resentencing on an open record. *See United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.2002) (en banc).

**VACATED and REMANDED.**