**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Duncan William EDWARDS,
Defendant–Appellee.**

**United States of America,
Plaintiff–Appellant,**

v.

**Duncan William Edwards,
Defendant–Appellee.**

**Nos. 06–30163, 06–30165.**

United States Court of Appeals,
Ninth Circuit.

Filed Aug. 22, 2007.

William W. Mercer, Esq., Kurt G. Alme, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellant.

John P. Rhodes, Esq., Federal Defenders of Montana, Missoula, MT, for Defendant–Appellee.

Before BEEZER, GRABER, and PAEZ, Circuit Judges.

### ORDER

The memorandum disposition filed on February 15, 2007, is withdrawn and an memorandum disposition is filed simultaneously with this order.

With the memorandum disposition, the panel has unanimously voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35. The petition for panel rehearing and rehearing en banc is DENIED. No further petitions for rehearing or for rehearing en banc may be filed.

### MEMORANDUM*

Duncan William Edwards was convicted under 18 U.S.C. §§ 152 and 1014 and received a sentence of seven months' home detention, five years' probation, and a $5000 fine. At the time of his sentencing the Supreme Court had issued its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but had not yet issued its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While the Government's appeal was pending in our court, the Supreme Court filed *Booker*, and we issued our en banc decision in

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

**628**

*United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We therefore remanded the Government's appeal with instructions "for the district court to determine whether it would have imposed a different sentence had it understood that the Guidelines were advisory." *United States v. Edwards,* 158 Fed.Appx. 930, 931 (9th Cir.2005) (unpublished disposition) (citing *Ameline,* 409 F.3d 1073).

On remand, the district court affirmed Edwards's pre-*Booker* sentence, indicating that it had reviewed the record and that it would not have imposed a materially different sentence had it known that the United States Sentencing Guidelines were advisory. The Government timely appealed again.

On this second appeal, the Government principally challenges the reasonableness of the district court's sentence of probation. On the record presently before us, however, we are unable to conduct a meaningful review of the reasonableness of Edwards's sentence. In order to develop a proper record, we therefore vacate Edwards's sentence and remand for full resentencing on an open record.[1] *See United States v. Matthews,* 278 F.3d 880, 885–86 (9th Cir.2002) (en banc).

**VACATED and REMANDED.**

---

1. *United States v. Combs,* 470 F.3d 1294 (9th Cir.2006), does not bar full review, encompassing reasonableness review, of Edwards' sentence. We held ·in *Combs* that when a defendant challenges the reasonableness of his sentence for the first time on appeal from a limited *Ameline* remand, our review is limited to whether the district court "properly understood the full scope of his discretion in a post-*Booker* world." *Id.* at 1297. Here, in contrast, the government preserved its challenge to the reasonableness of Edwards' sentence by raising the issue in its first appeal.